John J. HANNA, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 81–2122.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1985.

Decided May 31, 1985.

Rehearing and Rehearing En Banc
Denied July 24, 1985.

Charles L. Abrahams, for appellant.

David English Carmack, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, Washington, D.C., on brief), for appellee.

Before SPROUSE and WILKINSON, Circuit Judges, and KAUFMAN, Chief United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM.

In *Stemkowski v. Commissioner* and in *Hanna v. Commissioner*, 76 T.C. 252 (1981), two cases which were consolidated by the Tax Court for briefing, trial and rendition of opinion, Judge Goffe disallowed certain allocations and deductions claimed by the two nonresident aliens, both of whom are professional hockey players, in connection with their respective 1971 federal income tax returns. On appeal from Judge Goffe's opinion, Judge Oakes, writing for the Second Circuit in *Stemkowski v. Commissioner*, 690 F.2d 40 (2d Cir. 1982), aff'd in part and rev'd and remanded in part to the Tax Court. Thereafter, on remand, Judge Goffe filed a further opinion. *Stemkowski v. Commissioner*, 82 T.C. 854 (1984). In his opinion, Judge Oakes after noting, 690 F.2d at 42, that *Stemkowski* was a "supposed test case," wrote (*id.* at 42 n. 1)

> We say "supposed" because the parties agreed that this case and *Hanna v. Commissioner* [76 T.C. 252 (1981)] (T.C. No. 3485–76), which were consolidated for briefing, trial, and opinion, would dispose

of 41 other hockey players' cases before the Tax Court. But *Hanna* is currently on appeal to the Fourth Circuit (No. 81–2122), which may take a different view of one or more aspects of the case than we do. It is not clear from the record whether the consolidation agreement was intended to apply only to disposition in the Tax Court, or to proceedings beyond the Tax Court as well. In any event, the Tax Court entered an order suspending decisions in the 41 other cases until the decisions in the instant case and *Hanna* have become final.

Herein, in this separate appeal by *Hanna* from Judge Goffe's decision in the Tax Court, this Court has before it many of the same issues raised by Stemkowski in his appeal to the Second Circuit, and also several additional issues. Our review of the record in this litigation leads us to agree with each and all of the views and holdings of the Second Circuit. Judge Goffe summarized (at 76 T.C. 252, 254) the issues before him as follows:

1. Whether the stated salaries in the employment contracts, in addition to covering the services of petitioners during the regular season of play, also compensated them for the off-season, the training camp and the playoffs so that the time spent by petitioners in Canada during any of the latter three periods of time cause allocations of salaries to sources outside the United States;

2. Whether petitioners are entitled to deduct off-season physical conditioning expenses as ordinary and necessary business expenses under section 162;

3. Whether petitioners are entitled to deduct various expenses incurred in 1971 as "away-from-home" traveling expenses under sections 62 and 162; and

4. Whether petitioners are entitled to deduct various miscellaneous expenses and, if so, whether they have adequately substantiated such expenses claimed for the taxable year 1971.

The relevant and material facts are fully and clearly set forth by Judge Oakes and Judge Goffe and need not be repeated herein.

### A

The following claims by Hanna raise issues specifically dealt with by Judge Oakes in *Stemkowski* :

Deductions for—

1. living expenses in the United States.

2. promotional expenses for "entertaining fans, team members, and media people, purchasing hockey tickets for friends, having his hair styled, and answering fan mail; the tips he paid his trainers; and some of the costs of maintaining a telephone and television." 690 F.2d at 47.

3. state sales taxes.

4. disability insurance.

5. general newspapers.

For the reasons set forth by Judge Oakes in *Stemkowski,* each of Hanna's said claims is denied and the Tax Court's opinion with relation thereto is affirmed.

### B

There are two claims made by Hanna which require that the within case be remanded to the Tax Court for the same reasons stated by Judge Oakes in connection with Stemkowski's appeal:

1. Hanna's contentions relating to off-season conditioning expenses and training camp expenses each separately require further substantiation and allocation between Canadian and United States sources of income.

2. Purchases of trade journals by Hanna require further consideration by the Tax Court.

### C

There are certain questions raised in this appeal by Hanna which seemingly were not raised in the *Stemkowski* appeal to the Second Circuit.

1. Expenses incurred during travel to out-of-town games. The Tax Court's

denial of that claim for lack of appropriate substantiation is hereby affirmed for the reasons stated by Judge Goffe.

2. State and local gasoline and personal property taxes. The reasons stated by Judge Oakes in *Stemkowski* with regard to sales taxes apply equally to gasoline and personal property taxes. Accordingly, the Tax Court denials in connection with those items are hereby affirmed.

3. Sewing expenses in the amount of $51.90. That item may constitute a personal and non-deductible expense. However, since the Tax Court made no determination in that regard and a remand is required in any event with regard to other questions, the issue of sewing expenses is also hereby remanded to the Tax Court for determination.

4. For the reasons stated by Judge Goffe, the Tax Court's denial of Hanna's claims for interest expenses related to the purchase of an automobile and/or Seattle living expenses is hereby affirmed.

5. Expenses for physical conditioning *during* the season. This is a $142.27 item which seemingly was not mentioned in Judge Goffe's opinion although Hanna apparently raised his contention in connection therewith in the Tax Court as well as in this Court. Under the circumstances, that issue is hereby remanded to the Tax Court for further consideration.

6. While Judge Oakes did specifically deny Stemkowski's claim concerning purchase of hockey tickets for friends, he did not apparently need to refer to hockey tickets purchased for fans. Hanna's claim relating to tickets, if any, which he in fact purchased for fans, solely because they were fans, is hereby remanded for determination by the Tax Court.

D

As indicated *infra*, we find ourselves in agreement without reservation with the Second Circuit's opinion in *Stemkowski*. But even if our views varied slightly from those expressed by Judge Oakes, we would, unless our differences were of con-

siderable import, not create a conflict between the two Circuits, in connection with two appeals arising out of a consolidated Tax Court proceeding of the type which took place in connection with Stemkowski's and Hanna's contentions.

Judgment affirmed in part; reversed and remanded in part.